## FULTON *et al.* v. PARKER *et al.*

1. The evidence was sufficient to support the verdict.
2. Under the facts of this case, there was no error in giving the charge dealt with in the 2d division of the opinion.
3. Where by will an undivided interest in property is left to S and to B, with remainder to her children, and S and B divide the property between them, and after the death of B her children, as remaindermen, bring suit for a portion of the property assigned to S in the division, against his grantees, one of such grantees is not an incompetent witness to testify as to communications had between him and B in her lifetime. The facts stated do not make a case falling within any of the exceptions contained in the Civil Code, § 5858.

MAY 16, 1913.

Partition.    Before Judge Littlejohn.    Marion superior court. May 14, 1912.

*J. E. Sheppard* and *W. D. Crawford,* for plaintiffs.
*Hatcher & Hatcher* and *W. B. Short,* for defendants.

HILL, J.   The plaintiffs in error filed their petition for partition of certain lands described therein.   The defendants were in exclusive possession under a chain of title from B. A. Story, who was the grandfather of the plaintiffs.   B. A. Story died leaving a will, by which he devised certain described lands to his wife Emily J. Story, his son S. B. Story, and his daughter Mrs. D. A. V. Belk. The plaintiffs here are the children of Mrs. Belk.   By item three of his will the testator devised a third interest in certain described lands to his wife during her natural life.   The lands sought to be partitioned are portions of the devised land.   By the fourth item of his will the testator devised an undivided half interest in remainder in the lands described in item three to his son, S. B. Story.   By the fifth item the testator bequeathed an undivided half interest in the lands described in item three to his daughter, Mrs. D. A. V. Belk, for and during her natural life, with remainder over to her children. . The sixth item of the will provides that the property "contained in the three last articles above be equally divided between my son S. B. Story, and my daughter Dicy A. V. Belk, so that in nowise to interfere or to be detrimental to the

one-third interest bequeathed to my wife Emily J., which interest is only to exist for and during her natural life and then to pass to and become the property of my son S. B. Story, and my daughter D. A. V. Belk, in the manner aforementioned." S. B. Story and Mrs. D. A. V. Belk were nominated as executors of the will, and qualified as such.

1. The testimony tended to show that the lands described in items three, four, and five were divided between the two children named and their mother Emily J., each taking possession of the portion devised. About a year thereafter the widow of the testator, Mrs. Emily J. Story, died. The two children, S. B. Story and Mrs. D. A. V. Belk, divided and entered into possession of the remainder portion of the life-estate lands of Mrs. Emily J. Story. The evidence is somewhat conflicting on the question of division and possession, but it is sufficient to sustain the verdict to the effect that they did so divide and take possession, as will be seen later. S. B. Story died a number of years after the division and possession, having conveyed in his lifetime the lands in controversy to T. E. Blanchard, as the surviving partner of Blanchard & Burrus, who in turn conveyed it to the defendants. The daughter, Mrs. Belk, remained in possession of a portion of the land set apart to her, for a number of years prior to her death. After her death her children took possession of the land as remaindermen, and had possession at the commencement of this suit. On the trial of the case, according to the certificate of the trial judge, both sides stated to the court that the right of Mrs. Emily J. Story, S. B. Story, and Mrs. D. A. V. Belk to divide the lands in which Mrs. Emily J. Story had a life-interest, after her death, was not contested, and the only issue was whether or not S. B. Story and Mrs. D. A. V. Belk had divided the one-third interest of Mrs. Emily J. Story after her death. The contention of the plaintiffs was that there was no division made of the share of Mrs. Emily J. Story, the grandmother, between S. B. Story and Mrs. D. A. V. Belk, and that they were entitled to an undivided half interest in the land as tenants in common with the defendants, who held under title from S. B. Story, and who, under the terms of the will, could convey only his undivided half interest in the same. On the other hand, it is insisted by the defendants that there *was* a division of the grandmother's share after her death between S. B. Story and Mrs.

D. A. V. Belk, the mother of plaintiffs; that the plaintiffs are now in possession of the portion assigned to their mother; and that by virtue of the division and possession under it the portion of S. B. Story vested the title in him, who subsequently conveyed the title to Blanchard, who conveyed it to the defendants. The issue of fact is thus sharply drawn, the plaintiffs contending that "there is no evidence that D. A. V. Belk ever took possession of any of the land after the death of Emily J." As previously stated, there is some conflict in the evidence, but there is evidence tending to show that after the death of Mrs. Emily J. Story her one-third life-interest in the lands *was* divided between S. B. Story and Mrs. D. A. V. Belk, and that each took possession of his part under the division. The testimony of J. T. Belk, the husband of Mrs. D. A. V. Belk, tended to show that his wife and S. B. Story told him of the division, and that each held possession of the portion assigned them in the division of Emily J. Story's share after her death. "After Mrs. Story's death, she [D. A. V. Belk] got the second division. I reckon Mrs. Belk had something to do with that division." "My wife or the heirs are now in possession of it. She never was in possession of it until Mrs. Story died." The testimony of Pierce Belk tended to show that he had purchased a portion of the land assigned to S. B. Story under the division of Mrs. Emily J. Story's share, and later wanted to borrow money on it, and upon the demand of the loan association from which he negotiated the loan he applied for and obtained a quitclaim deed to the land from Mrs. D. A. V. Belk. A copy of this deed was in evidence. Mrs. Belk told the witness that she did not claim any of the land held by S. B. Story. This witness testified that his aunt, Mrs. D. A. V. Belk, after the death of Mrs. Emily Story went into possession of a portion of Mrs. Story's lands, and S. B. Story went into possession of the other portion. One of the defendants, B. S. Parker, testified that S. B. Story told him that he and Mrs. Belk had divided the Emily Story lands after the death of Mrs. Story.

We think the evidence of the defendants is sufficient to support the verdict of the jury, which was to the effect that there had been a division between S. B. Story and Mrs. D. A. V. Belk, after the death of Mrs. Emily J. Story, of the latter's share in the estate of B. A. Story, the testator, and that the land sought to be partitioned by the plaintiffs went into the possession of S. B. Story

and he remained in possession until he conveyed it to T. E. Blanchard, who conveyed it to the defendants.

2. Exception is taken to the following charge of the court: "If you find from the facts of the case that there was a division made between S. B. Story and Mrs. D. A. V. Belk after the death of their mother, and that there is no evidence in this case that the division was fraudulently made, it would be binding on the parties; and if you find that it was divided, the interest held by Mrs. Emily J. Story, the mother, subsequent to her death, these parties S. B. Story and Mrs. D. A. V. Belk divided the land, then that would be binding on them, and it would also be binding on the plaintiffs, the children of Mrs. D. A. V. Belk." One ground of complaint against the charge is that it erroneously states the law, in that the heirs could not by agreement bind the remaindermen who did not participate in the division. It is unnecessary to decide whether remaindermen would be bound by an agreement as to a division made by the heirs, for the reason that a certificate of the trial judge appearing on the amended motion for a new trial was as follows: "At the trial of this case it was stated to the court by both sides that the right of Mrs. Emily J. Story, S. B. Story, and Mrs. D. A. V. Belk to divide the estate of B. A. Story or the right of S. B. Story and Mrs. D. A. V. Belk to divide the one-third interest of Mrs. Emily J. Story after her death was not considered; but the only issue in the case was whether or not S. B. Story and Mrs. D. A. V. Belk had divided the one-third interest of Mrs. Emily J. Story after her death, and the case was tried on this issue." Under these facts, there was no error in giving the charge complained of. The other assignments of error with respect to this charge are without merit.

3. The only remaining special assignment of error is because the court allowed N. W. Parker, one of the defendants, to testify, over objection, that Mrs. Belk, the daughter of the testator, who was dead, had told the witness that the lands devised to her mother, Mrs. Story, for life, and at her death to be divided between herself and brother, had been so divided after her mother's death, and each remainderman had entered into possession of his respective share. The court did not err in admitting this testimony. The defendants' title did not come through Mrs. Belk, but through S. B. Story. The defendants were not indorsees, assignees, transferees,

or personal representatives of Mrs. Belk, and did not come within any of the exceptions laid down in the Civil Code, § 5858. Nor did the plaintiffs occupy any relation towards Mrs. Belk which would render the witness incompetent to testify. They were not claiming under her, but as legatees of a remainder interest under the will of their grandfather, B. A. Story.

*Judgment affirmed. All the Justices concur.*